UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| STANLEY J. MUTE, | ) | 4:08-cv-00010-RRB-SAO |
| | ) | |
| Petitioner, | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| vs. | ) | **REGARDING** |
| | ) | **MOTION TO DISMISS** |
| BRUNO STOLC, et al., | ) | |
| | ) | (Document No. 58) |
| Respondent. | ) | |

Respondent Bruno Stolc, et al., moves to dismiss Stanley J. Mute's Petition for Writ of Habeas Corpus on grounds that his claims are procedurally barred because he failed to raise the issues before the Alaska appellate courts. This report and recommendation addresses only the Respondent's Motion to Dismiss at Docket No. 58. Mute filed an opposition to the Respondent's Motion to Dismiss.[1] The Respondent did not submit a reply. For the reasons discussed below, I conclude that the Respondent's Motion to Dismiss should be denied as to Petitioner's first ground for habeas relief and granted as to claims under the second and third grounds for habeas relief.

## Procedural History

### A. State Court Proceedings

In November 1995, Stanley Mute was indicted on one count of sexual assault in the first degree against his domestic partner, M.E. and on one count of assault against her, as well as a count of assault against her brother, H.E.[2] The public defender agency was appointed to

---

[1] Docket No. 64.
[2] Docket No. 64 at 2.

represent Mr. Mute, and attorney Victor Carlson was assigned as trial counsel.[3] A jury trial was held in Bethel, Alaska beginning on February 5, 1996.[4] Mute stated multiple times before trial began that he did not feel Mr. Carlson was providing him a zealous defense.[5] Mute asked the trial court judge for new representation by a different attorney on the morning trial was to begin, citing his right of effective representation.[6] Mute stated that in preparation for trial he and Mr. Carlson had not discussed any defense strategy, but that Mr. Carlson simply asked him 'if he did it?' to which Mute responded "No, I did not" and Mr. Carlson responded "yes, you did" (or words to that effect) and they disagreed whether or not to call Mute's brother as a witness.[7] In requesting a continuance and representation by new counsel, Mute described the inadequacy of his defense attorney's attitudes and preparation for trial.[8] The trial judge denied Mute's request and continued with trial.[9] At the end of government's case, Mute claimed several times he had been 'misrepresented' and requested a mistrial which was denied by the trial judge.[10] He again claimed his rights had been violated when he made his decision not to testify.[11]

Mute filed an appeal with the Alaska Court of Appeals on October 23, 1996; *Mute v. State*, A-6472.[12] This appeal alleged errors by the trial court in denying Mute's requests for a new attorney and in accepting Mute's waiver of his right to testify at trial. The Alaska Court of Appeals in a published opinion denied the appeal on March 27, 1998.[13] A copy of the decision appears at Exhibit G of Docket No. 64.

---

[3] Exhibit 1 to Docket No. 58.
[4] Docket No. 64 at 3.
[5] Docket No. 64 at 3.
[6] Exhibit A to Docket No. 64.
[7] Exhibit A to Docket No. 64.
[8] Exhibit A, to Docket No. 64 at 4.
[9] Exhibit A to Docket No. 64 at 10.
[10] Exhibit A to Docket No. 64 at 203 and 220.
[11] Exhibit A to Docket No. 64 at 226.
[12] Docket No. 64 at 5.
[13] See Mute v. State, 954 P.2d 1384 (Alaska App. 1998).

Mute then filed a *pro se* petition for hearing in the Alaska Supreme Court on September 24, 1998 based on denial of his motion for alternative appointed counsel and denial of his right to testify because of a breakdown in the attorney/client relationship.[14] The Petition for hearing was denied on December 28, 1998.[15]

### B. State Post Conviction relief Proceedings.

Before receiving a decision on his *pro se* petition, Mute's appellate attorney filed a petition for post-conviction relief alleging ineffective assistance of counsel, signed on December 27, 1996 and containing affidavits from his trial counsel.[16] The state court dismissed this post-conviction petition on October 27, 1997 in short for lack of evidence to support the underlying claims of ineffective assistance of counsel.[17] Mute filed a late *pro se* appeal to the Court of Appeals of the State of Alaska.[18] The Court of Appeals of the State of Alaska granted the appeal and remanded the case back to Superior Court to make an eligibility determination on court appointed counsel.[19] Mute's request for court-appointed counsel was granted by the Superior Court for the State of Alaska and Mute's appeal was denied by the Court of Appeals of the State of Alaska.[20] A petition for hearing was not filed to the Alaska Supreme Court from this decision.[21] Mute filed a second application for post-conviction relief to the Superior Court and it was denied.[22] An appeal was filed and the Alaska Court of Appeals affirmed the ruling of the lower court.[23] A petition for hearing was filed with the Alaska Supreme Court.[24]

---

[14] Exhibit H of Docket No. 64.
[15] Docket No. 64.
[16] Docket No. 64 at 6.
[17] Exhibit F of Docket No. 64.
[18] Exhibit J of Docket No. 64.
[19] Exhibit J of Docket No. 64.
[20] Exhibit N of Docket No. 64.
[21] Docket No. 64.
[22] Docket No. 58.
[23] Docket No. 64.
[24] Docket No. 64.

### C. Federal Court Proceedings.

A Petition for Writ of Habeas Corpus was filed in United States District Court on April 15, 2008.[25] An Amended Petition for Writ of Habeas Corpus was filed on September 15, 2008.[26] The State of Alaska filed a Motion to Dismiss the Habeas Petition on December 23, 2008.[27] A Response in Opposition to the Motion to Dismiss was filed on February 11, 2009 and Mute filed a Motion for Leave to File Second Amended Petition for Habeas Corpus on February 12, 2009.[28] A Second Amended Petition for Writ of Habeas Corpus was filed on April 24, 2009.[29] The State of Alaska's Motion to Withdraw the Motion to Dismiss Habeas Petition (Docket No. 26) was granted on July 15, 2009.[30] The State of Alaska filed a Motion to Dismiss the Second Amended Petition on August 28, 2009.[31] Response in Opposition to the Motion to Dismiss was filed on December 2, 2009.[32] Scheduling and Planning Conference was held on February 18, 2010.[33]

The Amended Petition for Writ of Habeas Corpus asserts three grounds for relief; ineffective assistance of counsel violating his rights under the Sixth and Fourteenth Amendments to the United States Constitution; deprivation of the right to testify at his own trial by the actions of his attorney and the trial court violating his rights under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution; and deprivation of the right to a fair trial and due process of law due to threats made by the prosecutor to the alleged victim violating his rights

---

[25] Docket No. 1.
[26] Docket No. 14.
[27] Docket No. 26.
[28] Dockets No. 30 and No. 31.
[29] Docket No. 45.
[30] Docket No. 54.
[31] Docket No. 58.
[32] Docket No. 64.
[33] Docket No. 69.

under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.[34] The State of Alaska's Motion to Dismiss the Second Amended Petition argues the Amended Petition must be dismissed for procedural default because Mute failed to present the federal nature of his claims or failed to raise the claims altogether to the Alaska courts.[35] The State asserts that he cannot now return to the Alaska courts for relief, and he cannot demonstrate cause for his default.[36] The Opposition to the Motion to Dismiss argues the federal claims were adequately presented to avoid procedural default and in the alternative the failure to do so should be excused under the doctrine of "cause and prejudice" resulting from ineffective assistance of counsel at trial and on the merit appeal.[37]

## DISCUSSION

It is not contested that Petitioner's claims are in fact exhausted and that he may no longer bring a post-conviction action in Alaska courts under AS 12.72.020. After appealing to the Alaska Supreme Court, Petitioner filed two applications for post conviction relief and appealed those rulings. The second application for post conviction relief was filed because it alleged ineffective assistance of counsel in the filing of the appeal and the first post conviction relief. However the second petition itself did not reference ineffective assistance of counsel by the trial counsel.

The Respondent claims that Petitioner has failed to raise a federal claim in the Supreme Court of Alaska. Respondent asserts that Petitioner's claims were cast as state law claims, rather than as federal constitutional claims, and that the claims were not fairly presented before the Alaska appellate courts. If Respondent is correct, then Petitioner's habeas claims

---

[34] Docket No. 45.
[35] Docket No. 58.
[36] Docket No. 58.
[37] Docket No. 64.

would be procedurally barred.

### A. Standard for Exhaustion.

The court may review the merits of Petitioner's habeas petition only if he exhausted state court remedies.[38] To satisfy the exhaustion requirement, Petitioner had to "fairly present" his federal claims in state court "to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."[39] In other words, Petitioner fairly presented federal claims only if he alerted the state court that his claims rested on the federal Constitution.[40] In order to alert the state court, a petitioner must make reference to provisions of the federal Constitution or must cite either federal or state case law that engages in a federal constitutional analysis.[41]

### B. Petitioner's First Ground for Habeas Relief.

Petitioner's first claim for habeas corpus relief is that his conviction and sentence were secured in violation of the Sixth Amendment right to effective assistance of counsel.[42] Petitioner's briefing on this issue to the Alaska Court of Appeals in his merit appeal did not make reference to provisions of the federal Constitution and did not cite either federal or state law that engages in a federal constitutional analysis.[43] However, in a published decision, the Alaska Court of Appeals decided Petitioner's case, referencing the federal Constitution and citing to federal case law. The Court of Appeals found that Petitioner had not been deprived of effective assistance of counsel by the trial court's refusal to give Petitioner a new lawyer.[44] In making its

---

[38] Fields v. Waddington, 401 F.3d 1014, 1020 (9th Cir. 2005)(citing Galvan v. Alaska Dep't of Corr., 397 F.3d 1198, 1201-02 (9th Cir.2005)). See also 28 U.S.C. § 2254 (b)(1)(A).
[39] Id. (citing Duncan v. Henry, 513 U.S. 364, 365 (1995)(per curiam; see also Baldwin v. Reese, 541 U.S. 27 (2004)).
[40] Id. at 1020-1021 (citing Hiivala v. Wood, 195 F.3d 1106 (9th Cir.1999)(per curiam)).
[41] See Fields v. Waddington, 401 F.3d at 1021.
[42] Docket No. 45 at 5.
[43] Exhibit D to Docket No. 64.
[44] See Mute v. State, 954 P.2d 1384 (Alaska App.1998).

decision, the Court of Appeals relied on Monroe v. State, 752 P.2d 1017, 1020 (Alaska App.1988), which cites to Morris v. Slappy, 461 U.S. 1, 13-14 (1983), for the reasoning that the "due process clauses of the state and federal constitutions do not guarantee a 'meaningful relationship' between client and his appointed counsel."[45] Accordingly, because the Court of Appeals used federal analysis in rendering its decision, the Court was alerted as to Petitioner's federal ineffective assistance of counsel claim.

Petitioner thereafter filed a *pro se* Petition for Hearing to the Alaska Supreme Court from the merit appeal opinion.[46] Petitioner again described his trial counsel's inadequacy, Petitioner's own efforts to obtain new counsel, and the trial court's failure to adequately inquire, but Petitioner's briefing to the Alaska Supreme Court did not make reference to provisions of the federal Constitution and did not cite to either federal or state law that engages in federal constitutional analysis. Though the justices of the Alaska Supreme Court did have an opportunity to read the Court of Appeals opinion in Petitioner's case, that opportunity means that the judges *could have* read them.[47] But to say that a petitioner "fairly presents" a federal claim when an appellate judge can discover that claim only by reading lower court opinions in the case is to say that those judges *must* read the lower court opinions – for otherwise they would forfeit the State's opportunity to decide that federal claim in the first instance.[48] However, federal habeas corpus law does not impose such a requirement.[49]

Nonetheless, under the analysis in Peterson v. Lampert, 319 F.3d 1153 (9th Cir.2003), I believe Petitioner has exhausted his federal ineffective assistance of counsel claim.

---

[45] Mute v. State, 954 P.2d at 1385 (quoting Monroe, 752 P.2d at 1020 (citing Morris v. Slappy, 461 U.S. at 13-14; V.F. v. State, 666 P.2d 42, 46-47 n. 5 (Alaska 1983)).
[46] Exhibit H to Docket. No. 64.
[47] See Baldwin v. Reese, 541 U.S. 27, 30 (2004).
[48] Id.
[49] Id.

First, Peterson makes clear that, for the purposes of exhaustion, pro se petitions are held to a more lenient standard that counseled petitions.[50] The Ninth Circuit Court of Appeals has disavowed language suggesting that pro se and counseled petitions should be read the same way and held to the same standard. Petitioner's brief to the Alaska Court of Appeals was counseled, but his brief to the Alaska Supreme Court was pro se.

Second, Peterson makes clear that, depending on the context of his claim, a prisoner may alert a state court to the federal nature of the asserted right by using the phrase "ineffective assistance of counsel." Peterson had argued his federal ineffective assistance claim to the Oregon Court of Appeals, but in his petition to the Oregon Supreme Court he had only argued that he received "inadequate assistance of counsel," and thus employed the phrase usually used to refer to the Oregon state constitutional right.[51] By contrast, Petitioner consistently mentioned "ineffective assistance of counsel" in his briefing.

Third, Peterson did not decide whether a prisoner may exhaust a federal constitutional claim by referring to a state constitutional right when the contours of the federal and state constitutional rights are identical. In Duncan v. Henry, 513 U.S. 364, 365-66 (1995), the Supreme Court held that a petitioner does not exhaust a federal claim by raising a state claim that is similar to the federal claim: "mere similarity of claims is insufficient to exhaust." A prisoner's vague claim in state court that his conviction was a "miscarriage of justice" was insufficient to alert the state court to an alleged violation of federal Due Process rights.[52] But "[t]he Supreme Court in Duncan left open the question of what happens when the state and

---

[50] Sanders v. Ryder, 342 F.3d 991, 999 (9th Cir.2003)(citing Peterson, 319 F.3d at 1159)("[T]he complete exhaustion rule is not to trap the unwary pro se prisoner.")).
[51] Peterson, 319 F.3d at 1157.
[52] Id. at 364-65.

federal standards are not merely similar, but are, rather, identical or functionally identical."[53]

The right to effective assistance of counsel is identical under the United States Constitution and the Alaska Constitution.[54] When faced with ineffective assistance of counsel claims under both the federal and state constitutions, Alaska courts analyze them using the same Strickland test.[55] Petitioner's brief to the Alaska Supreme Court states that he was not effectively represented, and throughout the brief describes his trial attorney's actions. Although there is no citation to the federal Constitution or federal case law, there is nothing to suggest that Mute, a pro se petitioner, meant to allege "specifically and exclusively" a violation of his state constitutional right.[56]

For the foregoing reasons, Petitioner presented his federal ineffective assistance of counsel claim to the Alaska Court of Appeals and the Alaska Supreme Court in such a manner that that court had a "fair opportunity" to address his claim.[57] Petitioner's federal ineffective assistance of counsel claim was therefore exhausted in state court, and Respondents' motion should be denied as to Petitioner's first ground for habeas corpus relief.

### C. Petitioner's Second Ground for Habeas Relief.

Petitioner's second ground for habeas relief is that he was deprived of the right to testify at his own trial by the actions of his trial attorney and the trial court, all in violation of his right to effective assistance of counsel, his right to testify in his own defense, his right to confrontation, his right to due process, and his right to compulsory process, under the Fifth,

---

[53] Peterson, 319 F.3d at 1160.
[54] See Daniels v. State, 17 P.3d 75, 81 (Alaska App.2001)("Under the Sixth Amendment to the United States Constitution and Article I, Section 11 of the Alaska Constitution, defendants in criminal cases are guaranteed the effective assistance of counsel.").
[55] See Wilson v. State, 244 P.3d 535, 537-38 (Alaska App.2010); Burton v. State, 180 P.3d 964, 968 (Alaska App.2008); State v. Jones, 759 P.2d 558, 568 (Alaska App.1988).
[56] Sanders, 342 F.3d at 1000 (citing Peterson, 319 F.3d at 1157).
[57] Id. at 1001 (citing O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999)).
`Case 4:08-cv-00010-RRB   Document 84   Filed 06/16/11   Page 9 of 16`

Sixth, and Fourteenth Amendments to the United States Constitution.[58] Petitioner raised the deprivation of his right to testify both to the Alaska Court of Appeals and in his Petition for Hearing to the Alaska Supreme Court.[59] Petitioner argued before both the Court of Appeals and the Alaska Supreme Court that the Alaska Supreme Court's decision in <u>LaVigne v. State</u>, 812 P.3d 217 (Alaska 1991), established the deprivation of his right to testify. Petitioner asserts that because the <u>LaVigne</u> decision rests principally on federal constitutional analysis, his federal claim was fairly presented to the state courts through citation to the <u>LaVigne</u> case.[60] Respondent contends that citation to <u>LaVigne</u> only for the point that a trial court should inquire of defendant whether he wishes to testify does not make Petitioner's second habeas ground a federal claim.[61]

Petitioner is asserting that he fairly presented a federal claim by citing to <u>LaVigne v. State</u>, 812 P.3d 217 (Alaska 1991), a state court decision that reviewed petitioner's right to testify claims under both state and federal law. However, as asserted by Respondent, Petitioner cited to <u>LaVigne</u> primarily for the point that a trial court should inquire of a defendant whether he wishes to testify -- not for the purpose of making a federal claim. And as required by <u>LaVigne</u>, in Petitioner's case, the trial court clearly inquired Petitioner as to whether he understood his right to testify, and whether he chose to testify at trial.[62] Petitioner clearly stated that he was choosing not to exercise his right to testify.[63]

Nonetheless, when a petitioner does not label his claim as federal, the mere citation to a state court case that engages in both state and federal constitutional analysis does not suffice to exhaust the federal claim.[64]

---

[58] Docket No. 45 at 5.
[59] Exhibits D and H to Docket No. 64.
[60] Docket No. 64 at 12-13.
[61] Docket No. 58 at 13.
[62] Exhibit A, Part 5 of Docket No. 64, at 225-226.
[63] <u>Id</u>.
[64] <u>See</u> <u>Fields v. Waddington</u>, 401 F.3d at 1022 (citing <u>Casey v. Moore</u>, 386 F.3d 896, 912 n. 13 (9th Cir.2004)("For a

Moreover, unlike Petitioner's ineffective assistance of counsel claim, which is identical to the federal claim of ineffective assistance of counsel, in Alaska, the state constitution only *similarly* accords criminal defendants a constitutional right to testify on their own behalf.[65] LaVigne cites to U.S. Supreme Court case Rock v. Arkansas, 483 U.S. 44 (1987), stating that the U.S. Supreme Court found the right to testify grounded in the Fifth, Sixth, and Fourteenth Amendments.[66] However, in the next paragraph, the Alaska Supreme Court states that in Alaska, "the state constitution similarly accords criminal defendants a constitutional right to testify on their own behalf."[67] Raising a state claim that is merely *similar* to a federal claim does not exhaust state remedies.[68] Accordingly, Petitioner's second ground for habeas relief is procedurally barred because he failed to "fairly present" a federal claim to the Alaska Court of Appeals or Alaska Supreme Court.

Petitioner asserts that in the alternative, any procedural default should be excused under the doctrine of "cause and prejudice." Petitioner asserts that because he believes his appellate counsel was ineffective, there is sufficient "cause" to prevent a procedural default. Respondent asserts that Petitioner cannot demonstrate cause for his procedural default.

A federal court cannot review the merits of a procedurally defaulted claim unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom.[69] The mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural

---

federal issue to be presented by the citation of a state decision dealing with both state and federal issues relevant to the claim, the citation must be accompanied by some clear indication that the case involves federal issues.")).
[65] See LaVigne v. State, 812 P.2d 217, 219 (Alaska 1991)(citing Hughes v. State, 513 P.2d 1115 (Alaska 1973)).
[66] LaVigne, 812 P.3d at 219.
[67] Id. (emphasis added).
[68] Fields, 401 F.3d at 1022 (citing Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir.1996)(holding that a petitioner does not raise federal claims by implication when raising state claims even if the two are "essentially the same"); Duncan v. Henry, 513 U.S. 364, 366 (1995)(per curiam)).
[69] Coleman v. Thompson, 501 U.S. 722, 750-51 (1991).

default.⁷⁰ To demonstrate cause for a procedural default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."⁷¹ To demonstrate actual prejudice, the petitioner must show that the errors during his trial created more than a possibility of prejudice; he must show that the errors "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."⁷² Counsel's failure to raise a particular claim on appeal is also to be scrutinized under the cause and prejudice standard when that failure is treated as a procedural default by the state courts.⁷³ Cause for procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim.⁷⁴

Ineffective assistance of counsel, can be cause for a procedural default.⁷⁵ However, the exhaustion doctrine, which is "principally designed to protect the state courts" role in the enforcement of federal law and prevent disruption of state judicial proceedings, generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.⁷⁶ This is so because:

> [I]f a petitioner could raise his ineffective assistance claim for the first time on federal habeas in order to show cause for a procedural default, the federal habeas court would find itself in the anomalous position of adjudicating an unexhausted constitutional claim for which state court review might still be available.⁷⁷ ⁷⁸

---

⁷⁰ Murray v. Carrier, 477 U.S. 478, 486-87 (1986).
⁷¹ Murray v. Carrier, 477 U.S. at 488.
⁷² Id. at 494.
⁷³ Id. at 492.
⁷⁴ Id.
⁷⁵ Id. at 488.
⁷⁶ Id. at 489 (quoting Rose v. Lundy, 455 U.S. 509, 518 (1982)).
⁷⁷ Id. at 489. See also Cochett v. Ray, 333 F.3d 938, 943 (9th Cir.2003)(in order for ineffective assistance of counsel to be used as "cause" for default, the ineffective assistance claim must be exhausted).
⁷⁸ A State's procedural rules serve vital purposes at trial, on appeal, and on state collateral attack. The important role of appellate procedural rules is aptly captured by the Court's description in Reed v. Ross of the purposes served by the procedural rule at issue there, which required the defendant initially to raise his legal claims on appeal rather than on postconviction review: "It affords the state courts the opportunity to resolve the issue shortly after trial, while evidence is still available both to assess the defendant's claim and to retry the defendant effectively if he prevails in his appeal. See Friendly, Is Innocence Irrelevant? Collateral Attack on Criminal

In this case, Petitioner asserts that at the time of Petitioner's appeal, his appellate attorney was suffering from chronic depression, which caused him to virtually neglect and ignore his professional obligations to his clients.[79] Petitioner further asserts that if his appellate counsel had rendered effective assistance of counsel at appeal, Petitioner should have prevailed on the claim that the state court violated his Sixth Amendment right to effective assistance of trial counsel when it denied his motion for different appointed counsel.[80]

Though Petitioner's appellate counsel was allegedly suffering from chronic depression at the time of Petitioner's appeal, which could be considered "some objective factor external to the defense," thereby impeding counsel's representation of Petitioner, and therefore constituting cause for procedural default,[81] "the exhaustion doctrine . . . generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."[82] Here, Petitioner did raise the right to testify claim before the Alaska Court of Appeals and the Alaska Supreme Court. However, as established in the foregoing, Petitioner did not present the right to testify claim as a federal claim, and Petitioner failed to raise before the appellate courts an independent claim that his appellate attorney was ineffective in his failure to present a federal right to testify claim. Petitioner also failed to raise the claim in his post-conviction relief petitions. Accordingly, Petitioner's claim of ineffective assistance cannot be used to establish cause for procedural default.

Even if Petitioner's claim of ineffective assistance due to depression could be

---

Judgments, 38 U.Chi.L.Rev. 142, 147 (1970). This type of rule promotes not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case." 468 US. 1, 10-11 (1984).

[79] Docket No. 64 at 14.
[80] Docket No. 64 at 15.
[81]   See Anker v. Wesley, 670 F.Supp.2d 339 (D.Delaware 2009).
[82] Murray, 477 U.S. at 488-89.

used to establish cause for procedural default, Petitioner's appellate counsel clearly presented a state right to testify claim before the Alaska appellate courts, and unfortunately for Petitioner, appellate counsel failed to explicitly state that the claim was federal as well. The mere fact that counsel failed to recognize that he should have raised a federal claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default.[83]

Because Petitioner fails to show cause for the procedural default, the court need not assess whether prejudice resulted therefrom because it is necessary that Petitioner show both cause *and* prejudice in order for the court to reach such a claim as posed herein on the merits.[84] The Ninth Circuit has found that in such circumstances the federal court need not address the argument on the merits.[85]

### D. Petitioner's Third Ground for Habeas Relief.

Petitioner's third ground for habeas relief is that he was deprived of a fair trial, of due process of law, of the right of confrontation, and of compulsory process by the misconduct of the state prosecutor, in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.[86] Specifically, Petitioner asserts that he was deprived of these rights because the state prosecutor threatened and coerced the victim, M.E., in advance of trial, and M.E. refused to testify even though her testimony would have been exculpatory.[87] Respondent contends that Petitioner did not fairly present these claims before the Alaska courts.[88] Petitioner asserts that the claims were fairly presented to the Alaska courts, or, alternatively, Petitioner's

---

[83] See Murray, 477 U.S. at 286.

[84] Murray, 477 U.S. at 494 ("*[B]oth* cause and prejudice must be shown, at least in a habeas corpus proceeding challenging a state court conviction.").
[85] Paulino v. Castro, 371 F.3d 1083, 1092-93 (9th Cir.2004).
[86] Docket No. 45 at 6.
[87] Docket No. 64 at 17-18.
[88] Docket No. 58 at 12.

failure to present them should be excused under the doctrine of "cause and prejudice."[89]

Petitioner did not present the third ground for habeas relief to the Alaska Court of Appeals or the Alaska Supreme Court; the issue was raised in Petitioner's second application for post-conviction relief, but it was not presented as a federal claim.[90] Thus, Petitioner must demonstrate cause and prejudice for a procedural default.[91]

Petitioner asserts that the alleged misconduct of the state prosecutor constitutes cause and that he was prejudiced as a result of the misconduct, particularly because M.E.'s testimony might well have changed the outcome of the trial. At a minimum, however, Petitioner must show that "something *external* to [him], something that cannot fairly be attributed to him," caused the procedural default.[92] It is true that government interference can constitute cause for a procedural default.[93] However, cause, "whether it be government interference . . . must have prevented petitioner from raising the claim."[94] I do not make a finding that there was government interference or prosecutorial misconduct at the trial level; however, even if the government interfered by harassing M.E., thereby preventing her from presenting exculpatory evidence, that interference did not prevent Petitioner from raising a federal claim on this issue before the Alaska appellate courts. Accordingly, Petitioner has failed to show cause such that the procedural default should be excused.

And again, because Petitioner fails to show cause for the procedural default, the court need not asses whether prejudice resulted therefrom because it is necessary that Petitioner show both cause *and* prejudice in order for the court to reach such a claim as posed herein on the

---

[89] Docket No. 64 at 17.

[90] Docket No. 82.
[91] See Coleman v. Thompson, 501 U.S. 722, 750 (1991).
[92] Coleman, 501 U.S. at 753 (citing Murray v. Carrier, 477 U.S. at 488).
[93] See Amadeo v. Zant, 486 U.S. 214, 222 (1988); Strickler v. Green, 527 U.S. 263, 289 (1999).
[94] See McCleskey v. Zant, 499 U.S. 467, 497 (1991)(citing Murray v. Carrier, 477 U.S. at 488).

merits.[95]  Petitioner's third ground for habeas relief is thus procedurally barred and Respondents' Motion regarding this claim should be granted.

## SUMMARY

Accordingly, Respondent's Motion to Dismiss should be denied as to Petitioner's first ground for habeas relief. The Motion to Dismiss should be granted as to the second and third grounds for habeas relief.  IT IS SO RECOMMENDED.

DATED this 16th day of June, 2011, at Fairbanks, Alaska.

    s/SCOTT A. ORAVEC
SCOTT A. ORAVEC
United States Magistrate Judge

Pursuant to Local Magistrate Rule 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **NOON** on **Monday, June 27, 2011**.  The failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981).  The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation United States v. Howell, 231 F.3d 615 (9th Cir. 2000).  Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers.  Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support.  Response(s) to the objections shall be filed on or before **NOON** on **Thursday, July 7, 2011**.   The parties shall otherwise comply with provisions of Local Magistrate Rule 6(a).

Reports and recommendations are not appealable orders.  Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment. See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).

---

[95] Murray, 477 U.S. at 494.